Vermont Superior Court
Filed 09/03/25

SUPERIOR
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 247-7-20 Wncv

---

Hayek Medical Devices (North America), LTD vs. State of Vermont

---

Opinion and Order on the State's Motion to Extend Time (#38) and Motion to Amend the Discovery/Alternative Dispute Resolution Stipulation (#39)

The parties' October 14, 2024, stipulation regarding the schedule for discovery and alternative dispute resolution became an order when the Court signed it 2 days later. The Order provided that the State's deposition of Hayek's Rule 30(b)(6) witness must be taken within 45 days of the Court's decision on a motion to compel that the State was about to file, and that the State must disclose its experts within 30 days of the Rule 30(b)(6) deposition. *See* Stipulated Scheduling Order at 1 (filed Oct. 16, 2024). The Court denied the motion to compel on May 9, 2025. The May 9 Order also provided as follows:

> (2) Hayek shall complete any supplementation that it now diligently and reasonably anticipates within 21 days.

> (3) If there remains any dispute as to Hayek's discovery responses at that time, the parties shall promptly confer by video or in-person under Vt. R. Civ. P. 26(h) in an effort to resolve the matter in a mutually acceptable manner and avoid involving the Court.

> (4) To the extent further Court involvement may be required, the Court requires strict compliance with the spirit of Rule 26(h). Particular disputes must be detailed with specificity. Each specific request for production must be identified clearly; any responsive production must be described clearly; the asserted deficiency must be described clearly; and progress or lack thereof that occurred at the conference also must be detailed.

1

Following that Order, there apparently was no further supplementation by Hayek, while the State continues to believe that Hayek's production is materially deficient. Without the parties having seriously conferred as to the remaining discovery dispute, the State then filed two motions to extend certain deadlines in the scheduling order to accommodate the timing of either a clear resolution of the discovery dispute without the Court's involvement or the filing and disposition of yet another motion to compel.[1]

The State proposes to amend the scheduling order to include this:

Depositions of all witnesses (other than the State's expert witnesses) shall be scheduled and taken no later than 45 days of certification by the parties of compliance with (Paragraph 3) of the Court's Order of May 9, 2025, and if not then after a decision on a prospective motion to compel unless the parties agree otherwise or by further order of the Court.

The amendment attaches no timeline to the proposed "certification" or motion to compel. Hayek objects to any such extension of the scheduling order.

---

[1] The motions being considered here are substantively identical and were filed on the same day. It is unclear why the State asked the Court to do the same thing twice. As to the underlying discovery dispute, the State concedes that there has been no Rule 26(h) meet and confer following the denial of the motion to compel even though the Court order it on May 9 to occur "promptly": "The State has not had the time to provide the explicit itemization of each one of the discovery requests that is deficient to identify exactly what has been withheld and what is not complete to then have a meet and confer." The State's Reply at 2 (filed July 7, 2025). For its part, Hayek continues to represent that everything relevant has been produced and otherwise expresses bewilderment at the State's position as to discovery and the scheduling order. The State's proposed amendment to the scheduling order also would extend the time for deposing fact witnesses, evidently because it wants to "continue" deposing one particular fact witness. Hayek has indicated that it would oppose any continued deposition of that witness.

Shortly before the Court denied the State's motion to compel, the State filed a motion for summary judgment (April 11, 2025), and Hayek filed a cross-motion for summary judgment on May 30. The motions address liability in general and, if there is potential liability, whether an 85% penalty provision is part of the contract. Neither party has indicated that any remaining discovery is necessary before a ruling on the pending summary judgment motions. *See* Vt. R. Civ. P. 56(d). To the extent either does, such a claim would need have to be asserted and adequately supported in regard to that motion.

In these circumstances, the Court has determined to defer a ruling on the motions to amend the scheduling order pending a decision on the cross-motions for summary judgment. This case is over five  and Extenyears old, and it has been bogged down with discovery disputes for much of that time. The State's proposed amendment to the current scheduling order is open-ended and does not create a firm timeline to resolve any remaining discovery issues. The Court's May 9 Order was not an invitation to open-ended discovery. It recognized the importance of completing discovery fairly and gave Hayek a concrete period of time—21 days—to supplement. It then ordered that if there were any remaining issues, the parties must confer "promptly." They evidently still have not done so despite the ongoing controversy.

Further, the summary judgment motions may well change the scope of the action dramatically. The potentially dispositive motions could result in a ruling that eliminates the need for further discovery altogether or that, at least to some

extent, may inform or narrow the need for further discovery. The prudent course is for the Court to defer ruling on the State's motion pending a decision on the cross-motions for summary judgment. The motion may be renewed or supplemented, if appropriate, within 14 days of such a ruling.

Until then, the May 9 Order stands. Notably, the fundamental disconnect between the parties as to what can and cannot be extracted from the disputed databases—the fundamental dispute between them—would seem to be a straightforward technological matter that the parties should have been able to resolve long ago without Court involvement. The Court encourages the parties to make material progress at resolving remaining disputes without further Court involvement.

<u>Conclusion</u>

For the foregoing reasons, the Court defers a ruling on the State's motions to amend the scheduling order.

Electronically signed on August 26. 2025, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge

4